George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com
Phone: (702) 880-5554
FAX: (702) 385-5518
*Attorneys for Plaintiff Erica Lopez*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Erica Lopez, | Case No.: 2:26-cv-00230 |
| Plaintiff, | **Complaint for Damages and Injunctive Relief** |
| v. | |
| Chapman Chrysler Jeep, LLC and AA Action Towing Inc., | **Jury Trial Demanded** |
| Defendants. | |

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

1

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

### Introduction

1. Erica Lopez ("Plaintiff"), by counsel, brings this action to challenge the unlawful and deceptive actions of Chapman Chrysler Jeep, LLC ("Chapman") and AA Action Towing Inc. ("AA") (together as "Defendants") in connection with unlawful attempts to collect debt and the unlawful taking of Plaintiff's vehicle, causing harm to Plaintiff.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Plaintiff seeks declaratory relief, actual damages, statutory damages, consequential damages, punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct, and attorneys' fees and costs.

### Jurisdiction

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. This action arises out of violations of the FDCPA and related Nevada consumer statutes and causes of action.

9. Defendants are subject to personal jurisdiction in Nevada, because each Defendant conducts business in Nevada, Defendants unlawfully repossessed a vehicle in Nevada, owned by Plaintiff, a Nevada resident, and because Defendants contracted with each other to collect debt based on a Nevada contract,

from a Nevada resident.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the material conduct giving rise to this complaint occurred in Nevada.

### Parties

11. Plaintiff is an individual and, at all times relevant, was a resident of Clark County, Nevada.

12. Chapman is in the business of selling, financing and servicing new and pre-owned vehicles to consumers in Nevada.

13. AA is a company that provides services including towing, impounding, purchasing and selling vehicles.

14. AA uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are debt collectors as defined by 15 U.S.C. § 1692a(6).

15. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, acting by and through their agents and employees. These acts and failures to act were within the scope of the agency and/or employment, and Defendants ratified those acts and omissions.

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named defendants.

### Factual allegations

17. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

18. On or around March 21, 2024, Plaintiff took her vehicle to Chapman for a diagnostic.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

3

19. Chapman later furnished a $1,821.07 service bill to Plaintiff.

20. Chapman refused to return Plaintiff's vehicle until she paid the service bill.

21. Chapman told Plaintiff she could make payments, and the vehicle would be kept on Chapman's lot then released to Plaintiff when the service bill was paid in full.

22. Plaintiff began making payments and Chapman accepted Plaintiff's payments.

23. In or around January 2025, AA and Chapman took Plaintiff's vehicle without given Plaintiff any notice regarding a Notice of Lien, Notice of Intent to Sell, Notice of Lien Sale, Notice of Disposition or any notice that the vehicle would be towed or sold.

24. NRS 487.6887 states:

> In every instance where charges are made for the repair of a motor vehicle by a garage operator, the garage operator making the repairs shall comply with the provisions of NRS 487.6875 to 487.6893, inclusive. A garage operator is not entitled to detain a motor vehicle by virtue of any common law or statutory lien, or otherwise enforce such a lien, or to sue on any contract for repairs made by the garage operator unless he or she has complied with the requirements of NRS 487.6875 to 487.6893, inclusive.

25. NRS 487.6875 states in relevant part:

> …a person requesting or authorizing the repair of a motor vehicle that is more than $50 must be furnished a written estimate or statement signed by the person making the estimate or statement on behalf of the body shop or garage operator indicating the total charge for the performance of the work necessary to accomplish the repair, including the charge for labor and all parts and accessories necessary to perform the work.

26. NRS 487.6877 states in relevant part:

> … if it is determined that additional charges are required to perform the repair authorized, and those additional charges exceed, by 20 percent or $100, whichever is less, the amount set forth in the estimate or statement required to be furnished pursuant to the provisions of NRS 487.6875, the body shop or

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

garage operator shall notify the owner and insurer of the motor vehicle of the amount of those additional charges.

27. NRS 487.6893 states in relevant part:

1. If charges are made for the repair of a motor vehicle, the garage operator or body shop making the charges shall present to the person authorizing repairs or the person entitled to possession of the motor vehicle a statement of the charges setting forth the following information:

   (a) The name and signature of the person authorizing repairs;
   (b) A statement of the total charges;
   (c) An itemization and description of all parts used to repair the motor vehicle indicating the charges made for labor;
   (d) In the case of a garage operator, a description of all other charges; and
   (e) In the case of a body shop, a description of all other charges, including, without limitation, charges, if any, for storage of the motor vehicle.

2. Any person violating this section is guilty of a misdemeanor.
3. In the case of a motor vehicle registered in this State, no lien for labor or materials provided under NRS 108.265 to 108.367, inclusive, may be enforced by sale or otherwise unless a statement as described in subsection 1 has been given by delivery in person or by certified mail to the last known address of the registered owner and the legal owner of the motor vehicle...

28. NRS 487.6889 states in relevant part:

Certain acts deemed to be deceptive trade practice. A person shall be deemed to be engaged in a "deceptive trade practice" if, in the course of his or her business or occupation, the person:…

1. Engages in any deceptive trade practice, as defined in NRS 598.0915 to 598.0925, inclusive, that involves the repair of a motor vehicle; or
2. Engages in any other acts prescribed by the Director by regulation as a deceptive trade practice..

29. NRS 487.6891 states in relevant part:

> Administrative fine for engaging in deceptive trade practice…
>
> 1. In addition to any other penalty, the Director may impose an administrative fine of not more than $10,000 against any person who engages in a deceptive trade practice as set forth in NRS 487.6889…
> 2. All administrative fines collected by the Director pursuant to this section must be deposited with the State Treasurer to the credit of the State Highway Fund.
> 3. The administrative remedy provided in this section is not exclusive and is intended to supplement existing law. The provisions of this section do not deprive a person injured by a deceptive trade practice from resorting to any other legal remedy.

30. Defendants violated each of the above provisions when it among other things, unlawful attempts to collect debt and the wrongful repossession of Plaintiff's vehicle and by making other misrepresentations and conducting the deceptive actions described herein.

### First Cause of Action
### Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.
### – Against AA –

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

32. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

protects consumers against debt collection uniformly among the States.

33. Plaintiff is alleged to have owed a debt incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

34. On information and belief AA was assigned the right to collect on the debt by entering into a contractual agreement with Chapman.

35. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

36. AA's conduct violated 15 U.S.C. § 1692f(6) in that it took nonjudicial action to effect dispossession or disablement of Plaintiff's property when there was no present right to possession of the property claimed as collateral through any enforceable security interest, and Plaintiff's vehicle was exempt by law from such dispossession or disablement.

37. AA's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

38. AA's conduct violated 15 U.S.C. § 1692e(2) in that it falsely represented the amount and the legal status of the debt.

39. AA's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

40. AA's conduct violated § 1692e(10) in that it employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

41. AA's conduct violated 15 U.S.C. § 1692f in that it used unfair and unconscionable means to collect a debt.

42. AA's conduct violated 15 U.S.C. § 1692f(l) in that it attempted to collect an

amount not expressly authorized by the agreement creating the debt or permitted by law.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from AA.

**Second Cause of Action**

**Breach of Contract**

**- Against Chapman -**

45. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of the Complaint as though fully stated herein.

46. In Nevada, the elements for a breach of contract claim are: (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.'" *Pickett v. McCarran Mansion, LLC*, 133 Nev. 1061 (Nev. App. 2017) (citing *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013)).

47. As discussed above, Plaintiff and Chapman entered into an agreement for the diagnosis of Plaintiff's vehicle.

48. Chapman breached the agreement when it, among other things, repeatedly made false, misleading and deceptive representations to Plaintiff in connection with the agreement, the alleged amount owed for services, and unlawfully took Plaintiff's vehicle.

49. As a result of Chapman breach of contract, Plaintiff has suffered actual damages in an amount to be determined at trial, plus loss of use and consequential damages in an amount to be determined at trial.

50. In addition, Plaintiff is entitled to recover attorneys' fees and costs.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**Third Cause of Action**

**Breach of Implied Contract**

**- Against Chapman -**

51. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

52. "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

53. Every contract contains an implied covenant requiring that neither party act to disrupt the other's ability to enjoy the benefit of the bargain. Furthermore, where a contract provides one of the parties with discretion or sole authority to carry out obligations under the agreement for the benefit of the other party, the party enjoying such discretion and authority may not abuse it or exercise it in such a manner so as to deprive the other party of the benefits of the contract.

54. Chapman breached the implied covenant of good faith and fair dealing when it, among other things, repeatedly made false, misleading and deceptive representations to Plaintiff in connection with the agreement, the alleged amount owed for services, and unlawfully took Plaintiff's vehicle.

55. By failing to meet its obligation to in good faith attempt to uphold the intention and spirit of the contract, Chapman breached the implied covenant of good faith and fair dealing.

56. As a direct result of Chapman breaches of the implied covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at trial.

57. Chapman conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Chapman and deter others from like conduct.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

### Fourth Cause of Action

### Violations of NRS 104.9609 et seq.

### - Against AA and Chapman -

58. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of the Complaint as though fully stated herein.

59. In addition to the statutory and common law violation stated above, Defendants violated NRS 104.9609 and NRS 104.9611, entitling Plaintiff to remedies under NRS 104.9625.

60. The contract between Plaintiff and Chapman is subject to and governed by the Nevada Uniform Commercial Code.

61. Therefore, Defendants were subject to the duty of good faith and fair dealing.

62. Pursuant to NRS 104.1304, every contract subject to the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement.

63. Defendants did not deal fairly or in good faith with Plaintiff as evidenced by the fact that they unlawfully took the vehicle when Plaintiff was not in default and, thereafter, failed to provide Plaintiff a statutorily required Notice of Intended Disposition in violation of both NRS 104.9609 and NRS 104.9611.

### Violations of NRS 104.9609 for Repossession Prior to Default

64. NRS 104.9609 specifically states that "After default, a secured party may take possession of the collateral…" NRS 104.9609(1)(a).

65. As discussed above, Plaintiff was not in default.

66. As the vehicle was repossessed from Plaintiff, Defendants wrongfully repossessed Plaintiff's vehicle, in violation of NRS 104.9609.

67. Due to the failure of Defendants to comply with NRS 104.9609, Plaintiff is entitled to statutory damages under NRS 104.9625, specifically NRS 104.9625(3)(b).

### Violations of NRS 104.9610 for lack of Commercial Reasonableness

68. NRS 104.9610 requires that "every aspect of a disposition of collateral, including

the method, manner, time, place and other terms, must be commercially reasonable." NRS 104.9610(2).

69. Defendants failed to deliver a notification of disposition to Plaintiff evidencing whether Defendants disposed of Plaintiff's vehicle in a commercially reasonable manner.

**Violations of NRS 104.9611 and NRS 104.9616 for Failure to Provide Notices**

70. NRS 104.9611 states, "Except as otherwise provided in subsection 4, a secured party that disposes of collateral under NRS 104.9610 shall send to the persons specified in subsection 3 a reasonable authenticated notification of disposition." NRS 104.9611(2).

71. NRS 104.9616 states:

> In a consumer-goods transaction in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency under NRS 104.9615, the secured party shall:
> (a) Send an explanation to the debtor or consumer obligor, as applicable, after the disposition and:
> > (1) Before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency; and
> > (2) Within 14 days after receipt of a request; or
> (b) In the case of a consumer obligor who is liable for a deficiency, within 14 days after receipt of a request, send to the consumer obligor a record waiving the secured party's right to a deficiency.

72. Here, Plaintiff did not receive either a notice of intended disposition under NRS 104.9611 or an explanation of calculation of surplus or deficiency under NRS 104.9616.

73. As such, Defendants are in violation of NRS 104.9611 and NRS 104.9616 and Plaintiff is entitled to the remedies set forth in NRS 104.9625(3)(b) and NRS 104.9625(5).

**Remedies for Violations of NRS 104.9609 et. seq. for Statutory Damages for Consumer Transactions**

74. NRS 104.9625(3)(b) provides that "[i]f the collateral is consumer goods, a person

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure **in any event an amount not less than** [a] the credit service charge plus 10 percent of the principal amount of the obligation or [b] the time-price differential plus 10 percent of the cash price." *Id*. (alteration and emphasis added); *see also In re Schwalb*, 347 B.R. 726, 755 (Bankr. D. Nev. 2006) (awarding damages under NRS 104.9625(3)(b), the statutory minimum penalty, of the credit service charge plus 10% of the original principal amount of the debt).

75. The time-price differential is calculated by subtracting the total cash sales price from the total sales price including the financing.

76. Statutory minimum damages are computed by adding the "credit service charge" or "time price differential" (that is, the finance charge) and ten percent of the "principal amount of the debt" (that is, the amount financed) or "cash price." *See*, *e.g.*, *Muro v. Hermanos Auto Wholesalers, Inc.*, 514 F. Supp. 2d 1343 (S.D. Fla. 2007) (showing calculations).

77. The "time price differential," a term used when the seller itself finances the sale, is the difference between the cash price and the total cost of purchasing the item on credit. (*Davenport v. Bates*, 61 U.C.C. Rep. Serv. 2d 541, 552–553 (Tenn. Ct. App. 2006)).

78. Therefore, Plaintiff is entitled to the time-price differential plus ten percent of the total cash sales price in minimum statutory damages under NRS 104.9625(3)(b).

79. Additionally, NRS 104.9625(5) provides for statutory damages of $500 for Defendants' failure to provide Plaintiff with the explanation of calculation of surplus or deficiency as required by NRS 104.9616.

## Fifth Cause of Action
## Deceptive Trade Practices NRS 598
### - Against AA and Chapman -

80. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

the Complaint as though fully stated herein.

81. Defendants violated numerous provisions of NRS 598. Thus, Plaintiff is entitled to remedies under NRS 41.600 and NRS 598.

**Violations of NRS 598.0915**

82. NRS 598.0915 states: A person engages in a 'deceptive trade practice,' if in the course of his or her business occupation, he or she …"knowingly makes any other false representation in a transaction.…"

83. Defendants violated NRS 598.0915 when they, among other things, unlawfully took Plaintiff's vehicle in an attempt to collect on a debt they were not entitled to collect by contract or law, and by making other misrepresentations and conducting the deceptive actions described above, causing harm to Plaintiff.

**Violations of NRS 598.092**

84. NRS 598.092(8) prohibits knowingly misrepresenting the legal rights, obligations or remedies of a party to a transaction.

85. Defendants violated NRS 598.092 when they, among other things, unlawfully took Plaintiff's vehicle in an attempt to collect on a debt they were not entitled to collect by contract or law, and by making other misrepresentations and conducting the deceptive actions described above, causing harm to Plaintiff.

**Violations of NRS 598.0923**

86. NRS 598.0923 states that a person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly "Fails to disclose a material fact in connection with the sale or lease of goods or services."

87. NRS 598.0923(3) states: "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly ... [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services."

88. Defendants violated NRS 598.0923 when they, among other things, unlawfully took Plaintiff's vehicle in an attempt to collect on a debt they were not entitled to

collect by contract or law, and by making other misrepresentations and conducting the deceptive actions described above, causing harm to Plaintiff.

**Remedies Under NRS 41.600(3) for Violation of NRS 598**

89. NRS 41.600(1) states that an action may be brought by any person who is a victim of consumer fraud.

90. NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925.

91. Plaintiff is entitled to recover actual and consequential damages pursuant to NRS 41.600(3)(a) in an amount to be determined at trial.

92. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c).

93. Defendants' conduct was oppressive, malicious, and fraudulent, such that an award of punitive damages is justified in order to punish Defendants and deter others from like conduct.

**Sixth Cause of Action**

**Conversion**

**- Against AA and Chapman -**

94. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of the Complaint as though fully stated herein.

95. In Nevada, an action for conversion will lie where there is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with her title or rights therein or in derogation, exclusion, or defiance of such title or rights. *M.C. Multi-Family Development, L.L.C v. Cretdale Associates, Ltd.*, 124 Nev. Adv. Rep. 77, 193 P.3d 536, 542 (2008) (citing *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000)). Conversion is an act of general intent, and is not excused by care, good faith, or lack of knowledge. *Id.* Personal property need not be tangible in order to give rise to a conversion claim. *Id.* at pp. 77, 538.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

96. Defendants committed the tort of conversion of personal property by unlawfully taking Plaintiff's vehicle when they had no right to do so, including Plaintiff's personal property inside the vehicle, exerting dominion and control over Plaintiff's personal property in denial of Plaintiff's rights therein.

97. Plaintiff is entitled to actual damages in an amount to be proven at trial.

98. Plaintiff is entitled to punitive damages in an amount to be decided at trial.

99. Plaintiff is entitled to attorney's fees and costs.

**Seventh Cause of Action**

**Negligence**

**– Against AA and Chapman –**

100. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of the Complaint as though fully stated herein.

101. In Nevada, the elements for a negligence claim are: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Perez v. Las Vegas Medical Center*, Nev. 805 P.2d 589, 590 (1991).

102. Defendants owed various duties to Plaintiff in connection with the wrongful repossession of Plaintiff's vehicle.

103. At the very least, Defendants had a duty not to not to unlawfully take the vehicle, and not to misrepresent the facts and Plaintiff's rights to Plaintiff.

104. Defendants breached their respective duties by engaging in the acts described in this complaint, and, as applicable, in violation of the statutes alleged herein.

105. As a proximate result of Defendants' negligence, Plaintiff has suffered significant emotional distress, mental anguish, and additional financial harm, including out-of-pocket expenses.

106. Due to the egregious violations alleged, Defendants breached their respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

107. This conduct reveals Defendants' conscious disregard for Plaintiff's rights and thereby entitles Plaintiff to recover punitive damages.

**Eighth Cause of Action**

**Negligence Per Se**

**– Against AA and Chapman –**

108. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs of the Complaint as though fully stated herein.

109. In Nevada, A negligence per se claim arises when a duty is created by statute. *Torrealba v. Kesmetis*, 124 Nev. 95, 178 P.3d 716 (2008). A civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect. *Ashwood v. Clark County*, 113 Nev. 80, 86, 930 P.2d 740, 744 (1997); *Sagebrush Ltd. v. Vehicleson City*, 99 Nev. 204, 208, 660 P.2d 1013, 1015 (1983).

110. The FDCPA, NRS 41.600 and NRS 598 are remedial statutes intended to protect consumers like Plaintiff from harms resulting from unlawful, deceptive, abusive and fraudulent conduct such as the type engaged in by Defendants as alleged herein.

111. Defendants violated NRS 41.600 and NRS 598 and AA violated the FDCPA by among other things, unlawfully taking Plaintiff's vehicle in an attempt to collect on a debt they were not entitled to collect by contract or law, and by making other misrepresentations and conducting the deceptive actions described above, causing harm to Plaintiff.

112. As a proximate result of Defendants' negligence, Plaintiff has suffered significant emotional distress, mental anguish, and additional financial harm and hardship, including out-of-pocket expenses.

113. Defendants breached their respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

114. This conduct reveals Defendants' conscious disregard for Claimant's rights and thereby entitles Plaintiff to recover punitive damages.

### Plaintiff's damages

115. As a result of Defendants' actions and failures to act, Plaintiff has suffered actual and consequential damages, and is entitled to recover actual, consequential, statutory and punitive damages, each in an amount to be determined at trial, as well as attorney's fees and costs.

116. Plaintiff has suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out of pocket costs and time in attempts to dispute Defendants' actions. Plaintiff incurred additional damages associated with Defendants taking Plaintiff's vehicle and belongings for a substantial time, including lost opportunities and interest. Plaintiff further suffered humiliation and embarrassment when Plaintiff's vehicle was unlawfully taken and Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendants.

117. In addition, Plaintiff seeks a declaratory ruling that the agreement with Chapman is void and unenforceable against Plaintiff.

### Prayer for relief

118. Plaintiff respectfully requests that this Court grant Plaintiff the following relief from Defendants:

- Declaratory relief, declaring that the agreement is void and unenforceable as against Plaintiff and that Defendants engaged in deceptive trade practices;
- An award of statutory damages;
- Actual damages in an amount to be determined at trial;
- Consequential damages in an amount to be determined at trial;
- Punitive damages in an amount to be determined at trial;
- An award of costs of litigation and reasonable attorney's fees;

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

- Pre- and post-judgment interest; and
- Any other relief that this Court deems just and proper.

**Trial by Jury**

119. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 30, 2026.

Respectfully submitted,

**FREEDOM LAW FIRM**

/s/ *Gerardo Avalos*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff*

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX : (702) 385-5518