UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ERICA LOPEZ,

Plaintiff,

v.

CHAPMAN CHRYSLER JEEP, LLC; and AA ACTION TOWING, INC.,

Defendants.

Case No. 2:26-cv-00230-JCM-MDC

**ORDER**

Presently before the court are defendants' (Chapman Chrysler Jeep and AA Action Towing) motions to dismiss. (ECF Nos. 11, 12). Plaintiff Erica Lopez responded to both motions (ECF Nos. 14, 15). For the reasons stated below, the court grants defendants' motion to dismiss.

## I. Background

This case arises from a car repossession. In March 2024, plaintiff Lopez brought her car to Chapman Chrysler Jeep ("Chapman") for diagnostic testing. (ECF No. 1 at 3). The diagnostic resulted in a $1,821.07 service bill. (*Id.* at 4). Chapman told Lopez that her vehicle would remain in their lot until the diagnostic bill was paid in full. (*Id.*). Lopez initially made payments, but it is unclear whether she continued making payments to fulfill the bill. (*Id.*).

In January 2025, AA Action Towing ("AA") "took" Lopez's vehicle from Chapman's lot without notifying her beforehand. (*Id.*). Lopez now challenges the taking. Lopez sues AA for Fair Debt Collection Practices Act ("FDCPA") violations, and Chapman for breach of contract and breach of implied contract. Lopez also sues both defendants for violations of Nevada's Uniform Commercial Code ("UCC"), deceptive trade practices, conversion, negligence, and negligence per se.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,

658 (9th Cir. 1992). Under Fed. R. Civ. P. 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments ... undue prejudice to the opposing party ... futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III. Discussion

### A. Fair Debt Collection Practices Act.

Lopez's first claim alleges that defendant AA violated Section 1692 of the FDCPA. (ECF No. 1 at 6). AA argues that it is not a debt collector, but even if it is, Lopez still fails to state a claim under the FDCPA.

#### *1. Whether AA is a Debt Collector Under the FDCPA.*

There are four elements to an FDCPA cause of action: (1) the plaintiff is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o. *Wheeler v. Premiere Credit of N. Am.*, LLC, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004).

One element in dispute is whether AA constitutes a "debt collector" under the FDCPA. The Act defines debt collectors to include those who regularly seek to collect debts "owed ... another." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017).

AA argues that it is a security interest enforcer, not a debt collector. (ECF No. 12 at 5). However, "enforcement of a security interest would at least be an indirect collection of a debt." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 478 (2019).

Furthermore, the Ninth Circuit applies "debt-collector" to the security-interest context (such as repossessing a car) when "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" absent lawful authority and present intention to take property. *See Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998 (9th Cir. 2020).

Here, Lopez argues that AA had no lawful authority to take her car. (ECF No. at 1). Because she alleges that AA took her car absent lawful authority, AA's enforcement would at least be an indirect debt collection. *See Barnes,* 963 F.3d at 998. Thus, AA is a debt collector under the statute. *See id.*; *Mitchell v. Auto Mart, LLC*, Case No. 2:21-cv-00020-JAD-EJY, 2022 WL 2818346, at *2 (D. Nev. May 4, 2022) (finding same conclusion under similar facts). Therefore, AA's argument to dismiss for failing to be a debt collector fails.

*2. Whether Lopez Sufficiently Pled Her Claim.*

Lopez asserts that AA violated Sections E and F of 15 U.S.C. § 1692. (ECF No. 1 at 6). But she fails to plausibly state claims for these violations.

Section 1692e prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C.A. § 1692e (West). Section 1692f prohibits unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.A. § 1692f (West). Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1030 (9th Cir. 2010).

Lopez alleges no facts concerning communications for the court to analyze. She simply inserts "AA's conduct violated" the respective statutes. (ECF No. 1 at 7). However, she fails to assert how it did so. Without such facts, the court cannot determine whether the least sophisticated debtor would likely have been misled.

Lopez fails to plausibly assert how AA violated §§ 1692e or 1692f. Consequentially, her claim must be dismissed.

B. <u>Breach of Contract</u>.

Lopez next alleges that Chapman breached the agreement they entered during her vehicle's diagnosis. (ECF No. 1 at 8). However, Lopez fails to sufficiently plead how Chapman breached the agreement.

Nevada law requires the plaintiff in a breach of contract action to show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Mizrahi v. Wells Fargo Home Mortg.*, Case No. 2:09-cv-01387-RLH-LRL, 2010 WL 2521742, at *3 (D. Nev.

June 16, 2010) (citing *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006)). Breach of contract is the material failure to perform "a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135 (1987).

Here, Lopez asserts that Chapman breached their agreement by making, "false, misleading, and deceptive representations" and "unlawfully taking" her vehicle. (ECF No. 1 at 8). But it is unclear where these duties arise from and how Chapman breached these duties. Lopez's complaint fails to reference any provision in the diagnostic agreement that imposes such duties.

Additionally, Lopez fails to show how Chapman breached said duties. First, Lopez fails to plead any representations defendants made that caused her to be misled or deceived. Also, she admits that Chapman had the vehicle's possession until after Lopez paid her bill in full. (ECF No. 1 at 4). Because she does not assert fulfilling the payment, Lopez fails to show how the taking was unlawful. Further, she fails to address how defendants' "taking" a car they were already in possession of was unlawful.

Lopez's pleading fails to plausibly allege any duties that arose from the diagnostic agreement. She also fails to how Chapman failed to perform said duties. Accordingly, Lopez's breach of contract claim is dismissed.

C. <u>Breach of Implied Covenant</u>.

Lopez also alleges that Chapman breached the implied covenant of good faith and fair dealing within their diagnostic agreement. Once again, Lopez fails to state a plausible claim for breach of implied contract.

Although the court has determined that Chapman did not breach its agreement with Lopez, she could still recover damages for breach of implied covenant of good faith and fair dealing. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.*

However, Lopez provides no facts showing how Chapman deliberately countervened the intention or spirit of the contract. She simply says, "by failing to meet its obligation to in good faith

attempt to uphold the intention and spirit of the contract, Chapman breached the implied covenant of good faith and fair dealing." (ECF No. 1 at 9). She fails to assert which obligations Chapman failed to meet or how such failures deliberately countervened the agreement. Lopez alleges that Chapman breached the implied covenant by "false, misleading, and deceptive representations." *Id.* But, she still fails to include any facts about such representations.

Lopez fails to state how Chapman failed to act in good faith. Therefore, her breach of implied contract claim must be dismissed.

D. NRS 104.9609 Violations.

Lopez next asserts that the diagnostic agreement was governed by the Nevada UCC, making both defendants subject to various good faith and fair dealing obligations. (ECF No. 1 at 10). Lopez asserts that defendants failed to "deal fairly or in good faith" when they took her car without her being in default. *Id.*

Nevada's version of the UCC is codified in NRS Chapter 104. Lopez asserts violations of NRS § 104.9609, which entitles a secured party to a self-help repossession after a default occurs, provided it does so in a reasonable manner without breaching the peace; NRS 104.9610(2), requiring that a disposition after a default be commercially reasonable; NRS 104.9611(2), requiring a secured party to send the debtor a notification of disposition if the secured party disposes of the collateral under NRS 104.9610; and NRS 104.9616, requiring a secured party to send an explanation to the debtor calculating the surplus or deficiency after a disposition under NRS 104.9610.70. (ECF No. 1 at 10-11); *see generally* Nev. Rev. Stat. Chapter 104.

All of the asserted provisions provide for a party's rights and duties only *after* a party defaults on a secured transaction. *See generally* Nev. Rev. Stat. Chapter 104. But here, Lopez alleges that she was *not* in default under the service agreement. (ECF No. 1 at 10). She cannot now seek relief under a statute designed to govern the incident she claims never occurred. *See Mitchell*, 2024 WL 50235, at *7 (finding same conclusion under similar facts).

Because Lopez asserts that she was not in default, her claim for statutory protection applicable only *after* default must fail. *See id.*

E. Deceptive Trade Practices NRS 598.

Lopez also argues that both defendants committed various NRS Section 598 deceptive trade violations when taking her vehicle. (ECF No. 1 at 12). The court is not persuaded.

First, Lopez argues that defendants violated NRS § 598.0915, which defines deceptive trade practices as false representation of goods for sale. Lopez simply claims that defendants violated this statute when they "unlawfully took" her vehicle. (*Id.*). She does not state any specific false representations that either defendant made about the car at issue. Without more information about defendants' specific representations, Lopez has not established a claim under NRS § 598.0915.

Lopez further alleges that defendants violated NRS § 598.092 (8), which characterizes a deceptive-trade practice as "knowingly misrepresenting the legal rights, obligations, or remedies of a party to a transaction." Lopez simply asserts that defendants violated these provisions when they took her vehicle "to collect on a debt they were not entitled to collect." *(Id.)*. Furthermore, she fails to show or explain how taking the car misrepresented her legal rights, obligations, or remedies. Consequentially, Lopez's deceptive-trade-practices claim under NRS § 598.092 also fails.

In a final attempt to state a claim under this statute, Lopez alleges that defendants violated NRS § 598.0923, which characterizes deceptive-trade practices as knowingly violating "a state or federal statute relating to the sale or lease of goods." She merely recites that defendants violated these provisions when they "unlawfully took" her car. *(Id.)*. Still, Lopez does not allege which law was violated nor does she provide any facts indicating that defendants knowingly violated a law. Thus, Lopez fails to establish a deceptive trade practice claim under NRS § 598.0923.

Lopez fails to state a claim for all asserted NRS § 598 statutory violations. Accordingly, her claim is dismissed.

F. Conversion.

Lopez next argues that defendants committed conversion when taking her car and, consequentially, her personal property inside of the car. (ECF No. 1 at 15). Defendants deny the claim, arguing that the taking was not wrongful. (ECF Nos. 11,12).

Conversion is the "distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or derogation, exclusion or defiance of such

rights." *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328 (2006). Automobile repossession constitutes conversion unless the repossession was legally privileged. *Trejo de Zamora v. Auto Gallery, Inc.*, Case No. 2:12-cv-01357-APG-CWH, 2014 WL 1685925, at *9 (D. Nev. Apr. 28, 2014). Privilege may include the right to repossess the property when that right is established by the parties' agreement. *Id.* (citing *Nev. Nat'l Bank v. Huff*, 582 P.2d 364, 369 (Nev. 1978) ("clearly there is nothing unconscionable in a contract clause authorizing the repossession of a chattel upon default")).

Here, Lopez admits that defendant Chapman was legally privileged to possess her vehicle until Lopez paid her service repair bill in full. (ECF No. 1 at 4). She never stated that she paid off the service bill, making her legally entitled to reclaim her car. Additionally, she fails to show how "taking" a car that Chapman legally possessed constitutes conversion. She simply mentions that "Chapman had no right to take the vehicle." (*Id.* at 15). However, there are no facts showing that defendants' legal privilege to possess the car had been revoked.

Lopez fails to show that defendants were no longer legally privileged to possess the car. In fact, she fails to plead that she was entitled to possession at the time of the alleged conversion. The conversion claim is dismissed.

G. <u>Negligence – Against Both Defendants</u>.

Lopez argues that defendants had a duty to not take the vehicle, which they breached when they indeed took the vehicle. (ECF No. 1 at 15). Defendants argue that no such duty existed. (ECF Nos. 11,12).

Under Nevada law, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824 (2009). The existence of a duty is a question of law for the court to resolve. *See Ashwood v. Clark Co.*, 113 Nev. 80, 84 (1997).

Lopez contends that defendants owed her the duty "not to unlawfully take" her vehicle and "not to misrepresent the facts." (ECF No. 1 at 15). However, Lopez fails to identify any statute, contract, or special relationship where such duties arise from. *See Clark Cnty. Sch. Dist. v. Smith*, 537 P.3d 143 (Nev. App. 2023) ("[t]o prevail on his negligence claim, Smith had to show that the

school district owed him a duty of care, that the school district breached that duty, that the breach was the legal cause of his injuries, and that he suffered damages"). Because Lopez does not show how such duties exist, she fails to state a negligence claim. *See id.* Accordingly, this claim fails.

H. Negligence Per Se – Against Both Defendants.

Lopez's negligence per se claim also suffers from defects. She asserts that AA violated the FDCPA, and both defendants violated the NRS. (ECF No. 1 at 16). She asserts that these violations subject them to negligence per se liability.

A negligence per se claim cannot be established if a plaintiff has failed to establish a claim for the underlying statutory violation. *Davenport v. GMAC Mortg.*, 129 Nev. 1109 (2013) ("[b]ecause Davenport failed to state a claim against GMAC for unfair lending, his negligence per se claim against GMAC necessarily failed to state a claim"); *Mkhitaryan v. U.S. Bancorp*, Case No. 2:11-cv-1055-JCM-CWH, 2012 WL 6204840, at *5 (D. Nev. Dec. 12, 2012) (because FDCPA claims were not established, a negligence per se theory cannot be established).

Lopez's negligence per se theory is entirely predicated on stating claims for FDCPA and NRS violations. However, her allegations are inadequate to state a claim upon which relief may be granted. *See supra* Part A, E. Because she failed to establish claims under the underlying statutes, Lopez's negligence per se theory also necessarily failed to state a claim. *See Davenport*, 129 Nev. at 1109. Consequently, Lopez's negligence per se claims fails.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions to dismiss (ECF Nos. 11, 12) be, and the same hereby is, GRANTED, with prejudice.

Dated this 24th day of September, 2026.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE